1

2

3

4

5

6

7

8                            IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    LEE ANDREW REED,

11            Plaintiff,                        No. CIV S-04–0936 LKK GGH P

12        vs.

13    S. HAFERKAMP, et al.,                     ORDER

14            Defendants.

15    _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17    42 U.S.C. § 1983.  On April 4, 2005, the court granted plaintiff thirty days to file an amended

18    complaint.  The court further ordered defendants to respond to the amended complaint within

19    thirty days of service.  On April 13, 2005, plaintiff filed an amended complaint containing proper

20    proof of service.  Thirty days passed and defendants did not file a response.

21            Although defendants did not respond to the amended complaint as ordered, the

22    court will screen it.  28 U.S.C. § 1915(e)(2)(court may dismiss case at any time if it determines

23    that it fails to state a claim upon which relief may be granted).

24            Again named as defendants are Dr. Turella, Hammond and Dr. Penner.  Also

25    named as defendants for the first time are the state of California and the California Department of

26    Corrections.  Plaintiff appears to again be alleging violation of his Eighth Amendment right to

1

1   adequate medical care.  Plaintiff also alleges a violation of the American with Disabilities Act

2   (ADA).  Plaintiff states that he is seeking injunctive relief and damages.

3            The Civil Rights Act under which this action was filed provides as follows:

4            Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the
5            deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at
6            law, suit in equity, or other proper proceeding for redress.

7   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

8   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

9   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

10   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

11   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

12   omits to perform an act which he is legally required to do that causes the deprivation of which

13   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

14            Moreover, supervisory personnel are generally not liable under § 1983 for the

15   actions of their employees under a theory of respondeat superior and, therefore, when a named

16   defendant holds a supervisorial position, the causal link between him and the claimed

17   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

18   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

19   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

20   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

21   Cir. 1982).

22            The amended complaint does not link any of the individually named defendants

23   (Penner, Turella and Hammond) to the alleged inadequate medical care.  In order to state a claim

24   for damages against these defendants, plaintiff must allege how each defendant violated his

25   constitutional rights.  For example, plaintiff alleges that he did not receive physical therapy but

26   does not describe how any of the defendants was involved in this alleged deprivation.

1    Accordingly, the claim for damages against these defendants is dismissed.

2           Plaintiff has also failed to state a claim for injunctive relief against the

3    individually named defendants.  Just as it is not necessary to allege Monell[1] policy grounds when

4    suing a state or municipal official in his or her official capacity for injunctive relief related to a

5    procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is

6    not necessary to allege the personal involvement of a state official when plaintiffs are attacking a

7    state procedure on federal grounds that relates in some way to the job duties of the named

8    defendant.  All that is required is that the complaint name an official who could appropriately

9    respond to a court order on injunctive relief should one ever be issued.  Harrington v. Grayson,

10   764 F. Supp. 464, 475-477 (E.D.Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304

11   (S.D.N.Y. 1988).  ("Furthermore, a claim for injunctive relief, as opposed to monetary relief,

12   may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive

13   Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978).  See also, Hoptowit v. Spellman,

14   753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's

15   successors despite objection that the successors had not personally engaged in the same practice

16   that had led to the suit.  However, because a suit against an official in his or her official capacity

17   is a suit against the state, policy or procedure of the state must be at issue in a claim for official

18   capacity injunctive relief.  Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991).

19          Plaintiff does not allege that the inadequate medical care he received was pursuant

20   to a state policy or procedure.  Accordingly, the claim for injunctive relief against defendants

21   Turella, Hammond and Dr. Penner is dismissed.

22   /////

23   /////

24   /////

25

26   _____

       [1]  Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

1    In the April 4, 2005, order, the court gave plaintiff leave to amend to name the

2   appropriate state entity with respect to his ADA claim.  As discussed in the April 4, 2004,order,

3   plaintiff cannot seek damages pursuant to the ADA against the defendants in their individual

4   capacities.  Eason v Clark County School Dist., 303 F.3d 1137, 1144 (9th Cir. 2002), citing

5   Garcia v. S.U.N.Y. Health, 280 F.3d 98, 107 (2nd Cir. 2001).   However, plaintiff may bring a

6   claim pursuant to Title II of the ADA against state entities for injunctive relief and damages.

7   Phiffer v.Columbia River Correctional Institute, 384 F.3d 791 (9th Cir. 2004).  Plaintiff's claims

8   against defendants State of California and the Department of Corrections are apparently based on

9   the ADA.

10    The only allegations in the amended complaint which the court finds as having

11   been made in support of the ADA claim are that prison officials have not provided plaintiff with

12   a job because of his disability.  Because this claim may state a colorable claim for relief, it is not

13   dismissed.  But see White v. Colorado, 82 F.3d 364, 367 (10th Cir. 1996)(ADA does not apply to

14   prison employment); cf.  Hale v. Arizona, 993 F.2d 1387, 1392-98 (9th Cir. 1993)(Fair Labor

15   Standards Act does not apply to most prison jobs).

16    For the reasons discussed above, the claims against defendants Turella, Hammond

17   and Dr. Penner are dismissed with leave to file a second amended complaint.  If plaintiff files a

18   second amended complaint, he must includes his claims against all defendants.  If plaintiff does

19   not file a second amended complaint, the court will order service of defendants State of

20   California and California Department of Corrections as to plaintiff's ADA claim contained in the

21   amended complaint.

22    Accordingly, IT IS HEREBY ORDERED that the claims against defendants

23   Turella, Hammond and Penner contained in the amended complaint filed April 13, 2005, are

24   dismissed; plaintiff is granted thirty days from the date of this order to file a second amended

25   complaint; if plaintiff does not file a second amended complaint, the court will order service of

26   defendants State of California and California Department of Corrections as to plaintiff's ADA

1  claim; defendants are not required to respond to the second amended complaint until ordered to

2  by the court.

3  DATED: 6/17/05

/s/ Gregory G. Hollows

4  _____

GREGORY G. HOLLOWS
5  UNITED STATES MAGISTRATE JUDGE

ggh:kj
6  ree936.ord

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26