IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE ANDREW REED,

    Plaintiff,                    No. CIV S-04–0936 LKK GGH P

    vs.

S. HAFERKAMP, et al.,             ORDER AND

    Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On June 17, 2005, the court granted plaintiff thirty days to file a second amended complaint. Pending before the court is the second amended complaint filed July 7, 2005.

        Named as defendants are Dr. Turella, Dr. Penner and C. Hammond. Plaintiff alleges that he suffers from lower disc deterioration in his lumbar spine. He is unable to sit, stand or walk without great pain.

        Plaintiff alleges that since his transfer to New Folsom State Prison approximately four years ago he has been denied medical care. In particular, he alleges that he does not receive adequate pain medication or physical therapy for his back. Plaintiff filed more than ten administrative appeals addressed to defendant Hammond, the medical appeals analyst, regarding

1

the denial of medical care. A "C.D.C. Officer" told plaintiff to contact defendant Turella and ask him for help. Plaintiff requested defendant Turella to help him "over and over" again. Upper staff members responded to these requests by telling him to file a medical health care service request form. After plaintiff filed this form, defendant Penner requested MRI's and x-ray's. Plaintiff also received a 50 mg fentanyl patch for pain. Plaintiff alleges that he received no other medical care. Plaintiff alleges that defendant Penner left him to suffer from the deterioration of his lumbar spine.

As of the filing of the second amended complaint, plaintiff still suffered from great pain although he now has a 150 mg fentanyl patch. He still receives no physical therapy.

Plaintiff alleges that after he fell in the shower, Dr. Penner refused to treat his injury. Plaintiff claims that he fell as a result of a defective shower chair. Defendants then ordered a new chair.

Plaintiff's claims that defendants Turella, Penner and Hammond have denied his requests for therapy and pain medication state a colorable claim for relief. See April 4, 2005, order (allegation of denial of adequate pain medication states colorable claim). Accordingly, defendants are ordered to respond to these claims. Plaintiff's claim that defendant Penner refused to treat his injuries following his fall in the shower also states a colorable claim. Accordingly, defendant Penner is directed to respond to this claim.

Plaintiff may be claiming that defendants were responsible for his fall in the shower. However, plaintiff has pled no specific facts demonstrating how defendants caused the fall. Accordingly, the court will separately recommend dismissal of this claim.

On July 7, 2005, plaintiff filed a letter with the court requesting that he be transferred from Salinas Valley State Prison (SVSP), where he is presently housed, to the California Medical Facility (CMF). All requests for court orders must be made by motion. Fed. R. Civ. P. 7. Accordingly, plaintiff's letter is disregarded. More importantly, the defendants are located at New Folsom Prison. In his letter, plaintiff is seeking a court order against individuals

1  who are not named as defendants in this action.  This court is unable to issue an order against
2  individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine
3  Research, Inc., 395 U.S. 100, 112 (1969).
4          Accordingly, IT IS HEREBY ORDERED that:
5          1.  Plaintiff's July 7, 2005, letter is disregarded;
6          2.  Within twenty days of the date of this order, defendants Turella, Penner and
7  Hammond shall file a response to the claims found colorable above contained in the July 7, 2005,
8  second amended complaint;
9          IT IS HEREBY RECOMMENDED that plaintiff's claim in the July 7, 2005,
10 second amended complaint that defendants caused him to fall in the shower be dismissed.
11         These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
13 days after being served with these findings and recommendations, plaintiff may file written
14 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
15 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
16 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
17 F.2d 1153 (9th Cir. 1991).
18 DATED:   8/17/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
reed936.am(2)