IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE ANDREW REED,

    Plaintiff,                      No. CIV S-04-0936 LKK GGH P

    vs.

S. HAFERKAMP, et al.,             <u>ORDER AND</u>

    Defendants.           <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' June 30, 2006, motion to dismiss, motion for stay and request for extension of time to file a dispositive motion. Although plaintiff has not opposed defendants' motions, the court recommends that the motion to dismiss and motion to stay be denied.

        Defendants move to dismiss pursuant to 42 U.S.C. § 1915(g) which provides, in relevant part, that no prisoner shall bring a civil rights action if the prisoner has, on 3 or more prior occasions, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

/////

1   Defendants state that plaintiff has brought three or more cases that were dismissed
2 as frivolous, malicious or for failing to state a claim.  Defendants state that these cases are
3 attached as exhibit A, although no exhibits are attached to defendants' motion.
4   Plaintiff filed the original complaint on May 13, 2004.  On December 22, 2004,
5 defendants filed a motion to dismiss. On April 4, 2005, the court granted defendants' motion to
6 dismiss with leave to amend.  On September 6, 2005, defendants filed an answer to the amended
7 complaint filed July 7, 2005. On January 20, 2006, the court issued a scheduling order setting the
8 pretrial motion cut-off date for June 30, 3006.  On June 30, 2006, defendants filed the pending
9 motion.
10   A § 1915(g) motion is procedurally akin to a motion to compel arbitration in that
11 both involve threshold issues not on the merits which should be resolved prior to the expenditure
12 of resources by the court and parties.  Federal courts have held that a waiver may be found under
13 the Federal Arbitration Act if there is "(1) knowledge of an existing right to compel arbitration;
14 (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration
15 resulting from such inconsistent acts."  <u>Britton v. Co-op Banking Group</u>, 916 F.2d 1405, 1412
16 (9th Cir. 1990).
17   Because the issues of § 1915(g) and arbitration are analogous in that they both
18 involve threshold issues, the court will apply the standard set forth above in order to determine
19 whether defendants waived their right to bring a § 1915(g) motion.
20   The information in support of defendants' motion was obviously available at the
21 time defendants first appeared in this action.  In the motion, defendants state that they did not
22 bring this motion sooner because current counsel, assigned to this action in April 2006, only
23 recently discovered plaintiff's litigation history.  The diligence of current counsel does not
24 excuse defendants' failure to bring a timely § 1915(g) motion.
25   As discussed above, defendants previously brought a motion to dismiss for failure
26 to state a claim.  This action was inconsistent with an intent to bring a motion on a threshold

1 issue like § 1915(g). The fact that defendants did not raise this issue until the last day of the pre-
2 trial motion cut-off deadline also demonstrated an intent not to bring such a motion.

3         As to the issue of prejudice, it is not so much plaintiff who is prejudiced by
4 defendants' failure to bring this motion sooner as it is the court. Considerable resources have
5 been spent by the court in this action which has been pending for over two years. Defendants'
6 lack of diligence in bringing the pending motion should not be rewarded.

7         For the reasons discussed above, the court finds that defendants have waived their
8 right to bring a motion pursuant to § 1915(g). Accordingly, this motion should be denied.
9 Defendants' motion to stay this action pending resolution of their motion should be denied as
10 unnecessary. The court will grant defendants an extension of time to file a summary judgment
11 motion.

12         Accordingly, IT IS HEREBY ORDERED that:

13         1. Defendants' June 30, 2006, request for an extension of time to file a
14 dispositive motion is granted; defendants may file a summary judgment motion within thirty days
15 of the date of this order;

16         2. The pretrial conference set for October 27, 2006, and the jury trial set for
17 January 16, 2007, in front of the Honorable Lawrence K. Karlton are vacated; and

18         IT IS HEREBY RECOMMENDED that defendants' June 30, 2006, motion to
19 dismiss and motion to stay be denied.

20         These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
22 days after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties. Such a document should be captioned
24 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
25 shall be served and filed within ten days after service of the objections. The parties are advised
26 \\\\\

1 that failure to file objections within the specified time may waive the right to appeal the District

2 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3 DATED: 10/17/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

5 re936.57