IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE ANDREW REED,

    Plaintiff,                       No. CIV S-04-0936 LKK GGH P

    vs.

S. HAFERKAMP, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the original complaint filed May 13, 2004. The gravamen of this action is plaintiff's claim that defendants failed to provide inadequate medical care for a back injury he suffered after falling off a chair in the shower. Plaintiff alleges that defendants failed to provide him with x-rays, surgery and did not adequately treat his pain.

        Pending before the court is defendants' motion for summary judgment filed November 16, 2006. Plaintiff did not file an opposition to defendants' motion. Accordingly, on February 6, 2007, the court ordered plaintiff to show cause for his failure to oppose defendants' motion. The court also ordered plaintiff to file an opposition within that time as well.

        On February 16, 2007, plaintiff filed a notice of change of address. On March 12, 2005, the court re-served the February 6, 2007, order on plaintiff. On March 19, 2007, plaintiff

1

filed a two paragraph document titled "Opposition." In this document, plaintiff states that he opposes defendants' motion. Plaintiff also states that he is requesting an extension of time until the court corrects the records to reflect his new address. Plaintiff does not state what he is seeking an extension of time for, although he asks that the court schedule the jury trial.

On March 26, 2007, plaintiff filed a one paragraph document titled "Opposition." In this document, plaintiff states that he is moving the court with an opposition to defendants' summary judgment motion. Plaintiff states that he is not waiving his opposition to this motion. It appears that plaintiff intends this document to be his opposition to the summary judgment motion. Plaintiff has presented no evidence or memorandum of points and authorities in support of his opposition.

The Ninth Circuit has stated that pro se litigants must follow the same rules of procedure that govern other litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (waiver of originally pled but omitted causes of action in amended complaint). As a general rule, the judge does not have to scour the record in efforts to find evidence which might defeat summary judgment, i.e. the litigant must supply the needed evidence within the motion or opposition. See Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1030 (9th Cir. 2001) (stating the rule for represented parties: "Other circuits are not unanimous, but Forsberg is both binding on us and consistent with the majority view that the district court may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein."); but see Jones v. Blanas, 393 F.3d 918, 922-923 (9th Cir. 2004) ("[b]ecause Jones if pro se, we must consider as evidence in his opposition to summary judgment all of Jones [admissible] contentions offered in motions and pleadings [signed under penalty of perjury].") It is difficult to square Jones with King because Jones clearly fashions a separate rule for pro se litigants, and does away with the "same rules of procedure that govern other litigants."

/////

/////

1  Moreover,

2  A trial court may only consider admissible evidence in ruling on a motion for summary judgment. See Fed. R. Civ. P. 56(e); Beyene v. Colemen Sec. Servs. Inc., 854 F.2d 1179, 1181 (9th Cir. 1988). Authentication is a "condition precedent to admissibility," FN6 and this condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." FN7 Fed. R. Evid. 901(a). We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment.

7  Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir. 2002) (footnotes omitted)

8  But see Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003) (form of evidence is

9  unimportant; only the substance matters, and as long as the substantive evidence "could" be

10 made use of at trial, it does not have to be admissible per se at summary judgment).

11          Plaintiff has failed to supply sufficient information to defeat summary judgment.

12 Local Rule 56-260 (made available to pro se litigants) requires that "[e]ach motion for summary

13 judgment or summary adjudication be accompanied by a 'Statement of Undisputed Facts' that

14 shall enumerate discretely each of the specific material facts...." The opposition is required to

15 reproduce the itemized facts and admit or deny such facts with reference to evidence. The

16 requirement in the local rule is a nearly universal requirement so that courts do not have to stitch

17 together from voluminous briefs precisely what are disputed and undisputed facts and speculate

18 thereto. Plaintiff has failed to do this, and the court should not have to be in the position of

19 attempting to contest on behalf of plaintiff each of the listed facts as to each specific defendant.

20 Defendants listing of such undisputed facts entitles them to be found as the undisputed facts of

21 this case. These undisputed facts demonstrate a prima facie defense to the complaint's

22 allegations.

23          Even were the court to scour the record, it would find that plaintiff failed to

24 supply sufficient information to defeat summary judgment. The only evidence in the file which

25 the court could consider as opposing defendants' motion is plaintiff's original verified complaint.

26 In the verified complaint, plaintiff alleges that he injured his back after falling in the shower.

1  Plaintiff alleges that defendants failed to provide adequate medical care for this injury by failing
2  to give him x-rays, surgery and adequate pain medication.
3          In support of their motion, defendants have provided the declaration of defendant
4  Dr. Penner.  Defendants' Exhibit 3.  Dr. Penner describes his treatment of plaintiff which
5  included referring him for a consultation with a neurosurgeon, a neurologist and an orthopedic
6  surgeon.  Id.  Defendant Penenr also prescribed pain medication of increasing strength and
7  dosage.  Id.  Defendant Dr. Turella reviewed plaintiff's administrative appeals and determined
8  that he was receiving adequate medical care.  Defendants' Exhibit 4.  Defendant Hammond was a
9  Medical Appeals Analyst who processed plaintiff's administrative appeals alleging inadequate
10 medical care.  Defendants' Exhibit 2.
11         Because plaintiff is not a medical expert, his own opinion that he received
12 inadequate medical care in his complaint is not admissible.  Accordingly, for the reasons
13 discussed above, the court recommends that defendants' motion be granted.
14         Accordingly, IT IS HEREBY RECOMMENDED that defendants' November 16,
15 2006, motion for summary judgment be granted.
16         These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
18 days after being served with these findings and recommendations, any party may file written
19 objections with the court and serve a copy on all parties.  Such a document should be captioned
20 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
21 shall be served and filed within ten days after service of the objections.  The parties are advised
22 that failure to file objections within the specified time may waive the right to appeal the District
23 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
24 DATED:  6/20/07

        /s/ Gregory G. Hollows

25         UNITED STATES MAGISTRATE JUDGE
26 ree936.sj